IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **OSCAR SEGURA-RESENDEZ,** §<br>**ID** # 11049-078, §<br> §<br>Movant, §<br> § Civil Action No. **3:21-CV-2287-L-BK**<br>v. § Criminal Action No. 3:18-CR-210-L(1)<br> §<br>**UNITED STATES OF AMERICA**, §<br> §<br>Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the court **denies** Movant Oscar Segura-Resendez's ("Movant") Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action.

### I.     Background

Movant challenges his federal conviction and sentence in Criminal Action No. 3:18-CR-210-L(1). The respondent is the United States of America ("Government").

### A.     Conviction and Sentencing

Movant pled guilty to one count of illegal reentry after removal from the United States. (*See* Doc. 1.)[1] The United States Probation Office ("USPO") prepared a pre-sentence investigation report ("PSR") for purposes of sentencing. To calculate Movant's guideline sentence, the USPO applied the 2018 United States Sentencing Guidelines Manual ("2018 Guidelines Manual"), which was in effect on the date Movant was to be sentenced. (*See* Doc. 39-1, ¶ 25.) The PSR's guideline calculations included an 8-level enhancement to Movant's base offense level under U.S.S.G. §

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:18-CR-210-L(1).

Memorandum Opinion and Order – Page 1

2L1.2(b)(2)(B) because, before he was ordered removed from the United States for the first time, he had sustained a felony conviction for which a sentence of two years or more was imposed. (*See id.*, ¶ 28.) Based on a total offense level of 21 and a criminal history category of VI, Movant's guideline imprisonment range was 77 to 96 months. (*See id.*, ¶ 74.)

Movant objected that the PSR's use of the 2018 Guidelines Manual violated the *ex post facto* clause of the Constitution, and argued that the 2016 United States Sentencing Guidelines Manual ("2016 Guidelines Manual"), which was in effect on the date the charged offense was committed, should have been applied to determine his guideline sentence instead. (*See* Doc. 45.) He argued that under the 2016 Guidelines Manual, he would have only received a 4-level enhancement under U.S.S.G. § 2L1.2(b)(2)(B), rather than an 8-level enhancement, resulting in a guideline imprisonment range of 51 to 63 months. (*See id.*) In an addendum to the PSR, the USPO addressed Movant's objection and supported the PSR as written. (*See* Doc. 46-1.)

After hearing the parties' positions on the applicable guidelines manual at Movant's sentencing hearing, the court overruled Movant's objection and determined his guideline range of imprisonment based on the PSR's use of the 2018 Guidelines Manual. (*See* Doc. 64 at 3-8.) By judgment dated October 30, 2019, Movant was sentenced to 77 months' imprisonment, to be followed by three years of supervised release. (*See* Doc. 52 at 1-3.) The judgment was affirmed on appeal. *See United States v. Segura-Resendez*, 812 F. App'x 283 (5th Cir. 2020). The Supreme Court denied a petition for a writ of certiorari on June 7, 2021. *See Segura-Resendez v. United States*, 141 S. Ct. 2741 (2021). On October 30, 2023, Movant was released from the custody of the Bureau of Prisons ("BOP") on his sentence.[2] *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Feb. 26, 2024).

---

[2] Although Movant was released from BOP custody and likely removed from the country while his motion was pending, the "in custody" determination under § 2255 is made at the time the habeas motion is filed. *See Pack v.*

**Memorandum Opinion and Order – Page 2**

  **B.**  **Substantive Claim**

Movant's § 2255 motion asserts one ground for relief: "Violation of Art. 1 Sec. 9 by Ex Post Facto Law in Sentencing." (No. 3:21-CV-2287-L-BK, Doc. 2 at 4.) The Government filed a response on November 3, 2021. (*See id.*, Doc. 6.) Movant filed a reply on December 13, 2021. (*See id.*, Doc. 7.)

**II.**  **Scope of Relief Under § 2255**

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

**III.**  **Discussion**

In his only ground for relief, Movant alleges the "Violation of Art. 1 Sec. 9 by Ex Post Facto Law in Sentencing." (No. 3:21-CV-2287-L-BK, Doc. 2 at 4.) He contends that the "District Court's reliance upon the 2018 version of the Sentencing Guidelines violates the Ex Post Facto clause of the United States Constitution," because the application of the 2018 Guidelines Manual added eight levels to his base offense level under U.S.S.G. § 2L1.2(b)(2)(B), whereas the

---

*Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Additionally, his term of supervised release also satisfies the "in custody" requirement. *See id.*

**Memorandum Opinion and Order – Page 3**

application of the 2016 Guidelines Manual would have added only four levels under the same provision. (*Id.*, Doc. 3 at 6; *see generally id.*, Doc. 3 at 5-10.)

Movant's argument was raised, considered, and resolved on direct appeal. *See Segura-Resendez*, 812 F. App'x at 284-85. On appeal, the Fifth Circuit determined that "application of the 2018 Guidelines Manual to [Movant's] sentence violated the Ex Post Facto Clause." *Id.* at 284. Affirming the judgment, the Fifth Circuit then held that the error was harmless because this court "made clear that it would have imposed the same sentence under the 'older, more lenient Guidelines.'" *Id.* (quoting *Peugh v. United States*, 569 U.S. 530, 541 (2013)). Specifically, in addressing Movant's challenge to the application of the 2018 Guidelines Manual, the court recognized what the applicable guideline imprisonment range would have been had it applied the 2016 Guidelines Manual, and stated:

> And even if I had applied the four-level enhancement [under the 2016 Guidelines Manual] as opposed to the eight-level enhancement [under the 2018 Guidelines Manual], then I would have imposed an upward variance. But because of the eight-level enhancement, it's unnecessary to impose any upward variance, and I think that the sentence that the Court is going to impose takes care of the factors under [18 U.S.C. § 3553](a)(2).
>
> . . .
>
> So what the Court is saying is this. Whether it imposed the four-level enhancement or the eight-level enhancement, the sentence that it's going to impose would be the same.

(Doc. 64 at 17); *see also Segura-Resendez*, 812 F. App'x at 284-85.

Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)).

**Memorandum Opinion and Order – Page 4**

Although Movant alleges that his claim was "not as accurately [raised] as it is before the court now," it is indisputable, and Movant readily and repeatedly admits, that the issue was in fact raised on direct appeal. (No. 3:21-CV-2287-L-BK, Doc. 3 at 10; *see also id.*, Doc. 7 at 1-2, 4-5.) Because his claim has been raised and decided on direct appeal, it is procedurally barred from collateral review. *See Kalish*, 780 F.2d at 508.

Further, to the extent Movant argues in his reply that the Fifth Circuit's determination of harmless error "was 'clearly erroneous and would result in a manifest injustice if implemented,'" and, therefore, this court "is not bound by that appellate decision," he is wrong. (No. 3:21-CV-2287-L-BK, Doc. 7 at 1, 7-8.) Alleged "error[s] in the reasoning of [the Fifth Circuit] can only be corrected by application to [the Fifth Circuit] in the form of a motion to recall the mandate or a petition for rehearing, or by writ of certiorari to the Supreme Court." *United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016) (citing *Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000) ("An individual seeking to avoid the effects of an appellate court's prior decision may bring to that court a motion to recall its mandate"), and *United States v. Hughes*, 41 F. App'x 276, 279 (10th Cir. 2002) (finding that the district court correctly ruled that righting alleged errors in the appellate court's opinion on direct appeal "is not the province of a § 2255 motion" and explaining that "such matters must be pursued via a motion for rehearing and/or via a petition for certiorari to the Supreme Court.")). Movant cannot obtain a reversal by this court of the Fifth Circuit's decision under § 2255. *See Rodriguez*, 821 F.3d at 633-34 & n.2 (vacating district court judgment and holding that district court improperly granted § 2255 relief based on the movant's "asserted error in [the Fifth Circuit's] prior determination" on direct appeal).

Movant is not entitled to habeas relief on his claim, and it is denied.

## IV. Evidentiary Hearing

No evidentiary hearing under § 2255 is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to present independent indicia in support of the likely merit of his claim, he has failed to demonstrate that he is entitled to an evidentiary hearing.

## V. Conclusion

The court **denies** Movant's Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action for the reasons herein stated.

**It is so ordered** this 29th day of February, 2024.

Sam A. Lindsay
United States District Judge